| | |
|---|---|
| DISTRICT COURT, EL PASO COUNTY, COLORADO<br><br>El Paso County Combined Courts<br>270 S. Tejon Street<br>Colorado Springs, CO 80903<br><br>Phone Number: (719) 452-5000 | DATE FILED: November 6, 2019 4:17 PM<br>FILING ID: 7F35C5542AAB3<br>CASE NUMBER: 2019CV32554 |
| Plaintiff:<br><br>**CHRIS DAWSON, an individual, OSCAR DELCID, an individual, DELCID HEATING AND AIR, LLC and DELCID AND DAWSON PLUMBING CONTRACTORS, LLC**<br><br>vs.<br><br>Defendant:<br><br>**HORIZON, LLC** | ▲ **COURT USE ONLY** ▲ |
| **ATTORNEYS FOR PLAINTIFFS:**<br><br>Law Offices of Relevant Law<br>James Matthew Barber, 38360<br>1311 Interquest Pkwy, Suite 110<br>Colorado Springs, CO 80921<br><br>Phone Number: (719) 960-4396<br>E-mail: jbarber@relevantlaw.com<br><br>Fax Number: (719) 960-4661 Atty. Reg # 38360 | Case Number:<br><br>Div: Courtroom: |

**COMPLAINT AND JURY DEMAND**

COMES NOW Chris Dawson, an individual (hereinafter "Mr. Dawson"), Oscar Delcid, an individual (hereinafter "Mr. Delcid"), Delcid Heating and Air, LLC, a Colorado Limited Liability Corporation, (hereinafter "Delcid Heating"), Delcid and Dawson Plumbing Contractors, LLC, a Colorado Limited Liability Corporation, (hereinafter "D&D Plumbing" or "D&D") by and through their counsel, Relevant Law-Colorado Springs, and states their Complaint against Defendant Horizon, LLC (hereinafter "Horizon"), a South Carolina Limited Liability Corporation doing business in Colorado as a Foreign Corporation, for retaliation, defamation *per se*, tortious interference, breach of contract and promissory estoppel as follows:

## PARTIES, JURISDICTION AND VENUE

1. Chris Dawson is an individual residing at 1329 Timberidge Loop N., Lakeland, FL 33809, in Polk County, FL.

2. Oscar Delcid is an individual residing at 5555 Galena Dr., Colorado Springs, Colorado, 80918.

3. Delcid Heating and Air, LLC is a Colorado Limited Liability Corporation existing under the laws of the state of Colorado, with a principal place of business at 282 S. Jasper Circle # 304, Aurora, CO 80017.

4. Delcid and Dawson Plumbing Contractors, LLC is a Colorado Limited Liability Corporation existing under the laws of the state of Colorado, with a principal place of business at 7155 Southmoor Dr, Fountain, CO 80817.

5. Horizon LLC is a South Carolina Limited Liability Corporation doing business in Colorado as a Foreign Corporation, with a principal place of business at 168 Boardwalk Drive, Ridgeland, SC 29936.

6. The amount in controversy greatly exceeds Twenty-Five Thousand Dollars ($25,000.00), exclusive of interests, costs, and attorneys' fees, as required to sustain subject-matter jurisdiction in this Court.

7. As a result of Defendant's unlawful actions Plaintiffs suffered substantial damages and reputational harm in this District.

8. Jurisdiction and venue are proper as at least one Plaintiff is a resident of and has done business in this county. C.R.S. § 13-1-124; C.R.C.P. 98(c).

9. Jurisdiction and venue are proper as, upon information and belief, Defendant has done business in this county. C.R.S. § 13-1-124; C.R.C.P. 98(c).

## INTRODUCTION & FIRST CLAIM FOR RELIEF
**(Retaliation)**

10. Plaintiffs incorporate the allegations of the preceding paragraphs herewith.

11. In September of 2018 Mr. Dawson and Mr. Delcid were both working for Horizon and began taking the necessary steps to eventually form in October of 2018 Delcid and Dawson Plumbing Contractors, LLC.

12. When Mr. Dawson turned in notice to Horizon his employment was immediately terminated and subsequently Horizon has set out to continue retaliating against Mr. Dawson through his business venture, D & D Plumbing.

13. Similarly, Mr. Delcid was a subcontractor contracted to do business with Horizon. As soon as Horizon discovered he was partnering with Chris Dawson to form D & D Plumbing Defendant immediately severed ties with him and would not allow him to complete projects he had started to perform for them as a subcontractor.

14. Furthermore, in retaliation, Horizon refused to pay Mr. Delcid for his work performed on the aforementioned contracts.

15. Upon information and belief, Horizon sought to sabotage D & D from the beginning by putting pressure on United Pipe & Supply when D & D tried to purchase materials from them to start their new business. Rick Wilkerson of United Pipe & Supply told Mr. Dawson that Horizon was one of his biggest customers and that he had too much to lose by selling material to D & D.

16. Later, D & D bid on a project for Shaw Construction and received a Letter of Intent to Contract (see Exhibit 1). Upon information and belief, after Horizon made defamatory *per se* comments about Mr. Dawson, Mr. Delcid and D & D Plumbing, D & D lost the bid and it was awarded to Horizon.

17. Mr. Dawson was made aware of and provided an email that was sent to Tri C Construction in which D & D and Horizon were both bidding, and Horizon tried to persuade Tri C Construction not to do business with D & D Plumbing, defaming Plaintiffs and tortiously interfering with their ability to contract with, and their existing verbal agreement with, Tri C in the process (see Exhibit 2).

18. Upon information and belief, Horizon has been and still is consistently defaming D & D and tortiously interfering with their business contracts and should be held legally liable for retaliation, defamation *per se*, tortious interference and other causes of action established herein.

19. Plaintiffs have been damaged by Horizon's retaliation and continues to be damaged in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
## (Defamation *Per Se*)

20. Plaintiffs incorporate the allegations of the preceding paragraphs herewith.

21. Tim O'Brien ("O'Brien), Vice President of Horizon stated in the aforementioned email that "Chris broke our gentleman's agreement that they would leave our client base alone when he decided to start his own business which has clearly not been honored…" in an effort to deter Tri C Construction from engaging in business with D & D Plumbing. This statement falsely accuses Plaintiffs of professional misconduct, is false, and therefore is defamation *per se*, an intentional tort under Colo. Rev. Stat. § 13-80-103(1)(a).

22. In an effort to further deter Tri C Construction from engaging in business with D & D Plumbing, O'Brien additionally stated, "These 2 guys have just recently (this year) teamed up thinking they can be successful and I'm sure they approached Tri-C with probably a screaming $ (as other clients of ours have disclosed on other projects). They are chasing our clients since they know nobody else and have zero business track record, brand new company with zero financials. (most likely not bondable)." This statement falsely accuses Plaintiffs of professional misconduct and/or business ineptitude, is false, and therefore is defamation *per se*, an intentional tort under Colo. Rev. Stat. § 13-80-103(1)(a).

23. O'Brien further stated, "I hope for Tri-C's sake that you hire anyone else (if not us) given this is an even more difficult project with HUD financing and an even more difficult project to man-up on with legal guys." This statement falsely accuses Plaintiffs of professional misconduct and/or business ineptitude, is false, and therefore is defamation *per se*, an intentional tort under Colo. Rev. Stat. § 13-80-103(1)(a).

24. O'Brien further stated, "D&D is desperate and throwing irresponsible prices around and don't know how to properly price this kind of work. I would say beware big-time if you are leaning towards them. I imagine through your financial vetting of new subs you would clearly see they have no financial positioning at all and you have likely already scratched them." These statements falsely accuse Plaintiffs of professional misconduct and/or business ineptitude, are false, and therefore are defamation *per se*, an intentional tort under Colo. Rev. Stat. § 13-80-103(1)(a).

25. Upon information and belief similar emails and communications took place defaming Plaintiffs in an effort to deter other companies such as, but not limited to, United Pipe & Supply, Shaw Construction, Colorado Structures and Garret Builders from doing business with D & D.

26. Upon information and belief, Horizon also made defamatory remarks about Mr. Delcid and Mr. Dawson individually.

27. Mr. Delcid is a private figure for the purposes of this defamation action, having lived his entire life outside of the public eye.

28. Mr. Dawson is a private figure for the purposes of this defamation action, having lived his entire life outside of the public eye.

29. Mr. Delcid and Mr. Dawson have no notoriety of any kind in the community at large.

30. Mr. Delcid and Mr. Dawson did not engage the public's attention to resolve any public issue that could impact the community at large.

31. Mr. Delcid and Mr. Dawson have not made any public appearances regarding the defamatory comments.

32. Mr. Delcid and Mr. Dawson have not inserted themselves into the forefront of any public issue.

33. Plaintiffs have been damaged by the defamatory statements and continue to be damaged in an amount to be determined at trial.

34. Horizon maliciously made false and defamatory accusations regarding Plaintiffs. Even if it is determined they weren't malicious, the statements are at the least false, negligent and reckless and are defamatory *per se.*

35. As a direct and proximate result of the false and defamatory accusations made by Horizon in reprisal against Mr. Dawson individually, Oscar Delcid individually, and D &D corporately, Plaintiff's have been caused permanent harm to their reputation, ultimately giving rise to significant damages in an amount to be determined at trial.

36. The false and defamatory accusations by Horizon to prospective D & D clients directly and proximately caused substantial and permanent damage to D & D Plumbing, negatively impacting its standing in the industry in which it operates.

37. Mr. Dawson, Oscar Delcid and D & D are entitled to an award of punitive damages to punish and to deter Horizon from repeating such egregiously unlawful misconduct in the future.

38. The false and defamatory accusations against D & D are defamatory *per se*, as they are libelous on their face without resort to additional facts, and as clearly demonstrated herein. Damages, by law, are presumed.

39. As a direct and proximate result of the false and defamatory accusations, Plaintiffs suffered permanent harm to their reputation, including but not limited to their business integrity which has caused them to lose business clients.

## THIRD CLAIM FOR RELIEF
### (Tortious Interference)

40. Plaintiffs incorporate the preceding paragraphs herewith.

41. Upon information and belief, Horizon sought to tortiously interfere with, and did tortiously interfere with, Plaintiff's ability to lawfully contract with another company by putting pressure on United Pipe & Supply, when D & D tried to purchase materials from them to start their new business. Rick Wilkerson of United Pipe & Supply told Mr. Dawson that Horizon was one of his biggest customers, that he had too much to lose by selling material to Plaintiffs.

42. Later, D & D bid on the aforementioned project for Shaw Construction and upon information and belief Horizon tortiously interfered with Plaintiff's ability to contract with Shaw Construction. Through Defendant's previously referenced defamatory *per se* comments about

Mr. Dawson, Mr. Delcid and D & D Plumbing, D & D lost the contract and it was awarded to Horizon.

43. Upon information and belief similar emails and communications took place, tortiously interfering with D & D Pluming's ability to contract with other companies; specifically in an effort to deter other companies such as, but not limited to, United Pipe & Supply, Shaw Construction, Colorado Structures and Garret Builders from doing business with Plaintiffs.

44. Plaintiff's have been damaged by Defendant's tortious interference and continue to be damaged in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
**(Breach of Contract)**
**Mr. Delcid v. Horizon**

45. Plaintiffs incorporate the preceding paragraphs herewith.

46. Mr. Delcid was a subcontractor contracted to do business with Horizon.

47. As soon as Horizon discovered he was partnering with Chris Dawson to form D & D Plumbing Defendant immediately severed ties with him and would not allow him complete projects he had started to perform for them as a subcontractor, and refused to pay him monies owed for projects he had already preformed under contract, thereby breaching the contracts.

48. At all times Mr. Delcid was willing and able to fulfill the obligations of his contracts, but Horizon decided instead to breach the contracts.

49. Horizon refused to fully pay Mr. Delcid for the portion of work performed on the aforementioned contracts, thereby breaching said contracts.

50. Mr. Delcid has been damaged by Defendant's breach of contract and continues to be damaged in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
**(Promissory Estoppel)**
**Mr. Delcid v. Horizon**

51. Plaintiffs incorporate the preceding paragraphs herewith.

52. In the course of their dealings, Horizon made promises that it should reasonably have expected to induce action or forbearance on the part of Mr. Delcid.

53. Horizon promised to pay Mr. Delcid for the work he performed and to allow Mr. Delcid to complete the work he was contracted to complete. Horizon breached both promises.

54. Mr. Delcid justifiably relied upon Horizon's promises to his detriment.

55. Horizon's promises induced Mr. Garza to enter into the contracts with Defendant and to continue to do business with and provide beneficial services and labor for Defendant.

56. Horizon's promises induced action and forbearance by Mr. Delcid, causing damages to him.

57. Injustice can be avoided only by enforcement of Defendant's promises.

58. As a direct and proximate cause of Defendant's breach of promises, as set forth above, Mr. Delcid suffered injuries and damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons stated above, Plaintiffs pray that judgment be entered in their favor and against Defendant for damages incurred, consequential and special damages, punitive damages, pre- and post-judgment interest as allowed by Colorado law, reasonable attorneys' fees, costs, and for such other and further relief as the Court may deem just and proper.

Plaintiffs hereby demand a Trial by Jury on all claims as allowed by law.

Respectfully submitted this 6th day of November, 2019.

RELEVANT LAW – COLORADO SPRINGS

*/s/ James M. Barber*
James Matthew Barber # 38360

Relevant Law
1311 Interquest Pkwy, Suite 110
Colorado Springs, CO 80921
(719) 960-4396
jbarber@relevantlaw.com

*Original Signature on file at Relevant Law*

SHAW
BUILDERS LLC

EXHIBIT 1

DATE FILED: November 6, 2019 4:17 PM
FILING ID: 7F35C5542AAB3
CASE NUMBER: 2019CV32554

December 26, 2018

D&D Plumbing
7155 Southmoor Dr.
Fountain, CO 80817
(719) 619-7469

Attention: Chris Dawson

RE: **Vue 21 Apartments - Phase 2**

Shaw Builders Contract Number: TBD

**Subject: LETTER OF INTENT TO CONTRACT**

Dear Mr. Chris Dawson,

On behalf of Shaw Builders, I would like to welcome D&D Plumbing (hereafter, "Subcontractor") to the Vue 21 Apartments Phase 2 project. Shaw intends to enter into a standard Shaw Builders subcontract agreement with the Subcontractor \for the scope of work and amount defined herein. Pending the issuance and execution of the final subcontract between our companies, this Letter of Intent shall constitute your authorization to proceed with work as directed by Shaw Builders.

**Scope**. The scope of work of the Subcontract shall be:

Provide and install all Labor, Equipment, and Material necessary for a complete plumbing system scope of work as proposed for the following project sites:

- Vue 21 Apartments Phase 2 in Colorado Springs, CO (permanent address TBD)

As it is necessary that some or all of your work commences immediately, this letter is to authorize Subcontractor to proceed with the following:

- Licensing and Permits
- Engineering and Drawings
- Supplier order holds, shop drawings and submittals

Shaw Builder's is under contractual obligations to perform the above described work and has selected D&D Plumbing to perform this work for the bid price below. With the issuance of this LOI, Shaw is requesting you issue purchase orders, issue LOI's, or other means of securing the bid pricing stated below.

All work performed hereunder shall be performed in accordance with the following documents:

1. Shaw Builders standard subcontract valued at $1,492,850.00 for full scope of work to follow.
2. 100% Construction Document Set of drawings dated November 1, 2018 as prepared by KEPHART, updated Civil documents dated November 1, 2018, landscape documents dated November 26, 2018 and all associated Engineers and Consultants, and the Geotechnical Engineering Report as prepared by Terracon Consultants.

**Payment**. Subcontractor shall submit Pay Applications for Payment for above authorized work in accordance with Shaw's Subcontractor Billing Instructions (Subcontract Attachment B) in the project's first pay application cycle. Shaw Builders shall pay Subcontractor, upon receipt of payment from Owner on Subcontractor's behalf.

**Schedule**. Subcontractor agrees to perform in accordance with Shaw's schedule, and will submit to Shaw all milestones that are critical to Subcontractor's timely performance. By executing this LOI, Subcontractor agrees to work with the building team in pursuit of critical schedule milestones, some of which are approximated below:

- Construction start is approximately 03/01/2019.

**Termination**. Shaw Builders shall have the right to terminate this agreement with or without cause upon notice to Subcontractor. In the event of such termination, Subcontractor shall be compensated for actual costs reasonably incurred in the authorized performance of the work, plus a reasonable fee, or the specified value defined herein.

Prior to performing any work on the Project, or immediately if you have begun work, you must indicate your agreement with the terms of this Letter of Intent by executing it and returning it to Shaw Builders. Additionally, before beginning any work on site the following requirements must be in order:

- Submit Certificates of Insurance indicating compliance with the requirements of Shaw Builders Subcontract Insurance Requirements and additional insured endorsement as required;
- Submit Material Safety Data Sheets (MSDS) for all materials to be utilized in the performance of your scope of work;
- Workers must comply with Shaw Builders safety procedures at all times on the jobsite;
- Your Work must be scheduled and planned in advance with Shaw Builders.

Please direct all correspondence and billings to Christopher Brick at the Shaw Builders, 300 Kalamath Street, Denver, Colorado 80223. We look forward to an enjoyable and mutually beneficial partnership with you on this project. If you have any questions, please call me at 303-825-4740.

Sincerely,
Shaw Builders, LLC

Christopher Brick [digital signature]

Christopher Brick, Project Manager

Authorized and Agreed:
D&D Plumbing

[signature]
Authorized Signature

Chris Dawson
Printed Name

12/26/2018
Date

**From:** Matthew Palumbo
**To:** Jeff Keating; Peter Searle
**Subject:** Re: Lodge 2 Plumbing
**Date:** Wednesday, May 15, 2019 7:04:17 AM

DATE FILED: November 6, 2019 4:17 PM
FILING ID: 7F35C5542AAB3
CASE NUMBER: 2019CV32554

Yes I will it is very UNPROFESSIONAL of Horizon to speak negatively of an ex-employee or competitor.
Never has D&D EVER SAID A NEGATIVE THING ABOUT HORIZON.
I will copy you on my response later today.

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: Jeff Keating <JKeating@TricC.com>
Date: 5/15/19 8:39 AM (GMT-05:00)
To: Matthew Palumbo <MPalumbo@tricc.com>, Peter Searle <psearle@tricc.com>
Subject: FW: Lodge 2 Plumbing

Matt and Peter;
When Kennie was out in CS with Rudy he said he heard about issues with Horizon on projects. Did either of you hear of issues?

Matt if we are not going to use Horizon let him know and that Tri C knows how to manage our risks. Also let him know you are considering two plumbing contractor for the project.

-----Original Message-----
From: Tim O'Brien <tim@horizoninc.net>
Sent: Tuesday, May 14, 2019 10:27 PM
To: Matthew Palumbo <MPalumbo@tricc.com>; Jeff Keating <JKeating@TricC.com>
Subject: Re: Lodge 2 Plumbing

Peter , Matt and Jeff: Curious if there is any new news on Lodge 2 regarding the plumbing scope? I've tried to keep in touch on this project but the trail is pretty quiet. Considering how busy Colorado is, we take project follow up for our pre-construction time seriously and it is even more important that we are planning well in advance on HUD financed deals. If a decision has been made that the plumbing scope will be awarded to another contractor and can let me know I'd appreciate it. If Tri-C is not considering Horizon at this point we certainly understand even though it would be disappointing considering the Pre-con time we have invested in it. However, we understand many variables come into play with making numbers work.

I ask that discretion is used regarding the information in this section given the sensitivity of it and I hope it is recognized that this information is genuinely intended to benefit Tri-C. We spoke previously about brand-new upstart D&D Plumbing (Dawson / Delcid). Up until just recently Chris Dawson and Oscar Delcid both worked for Horizon. (Chris as our employee as a super and Oscar as a lower tier installer). Chris broke our gentleman's agreement that they would leave our client base alone when he decided to start his own business which has clearly not been honored, but that's on them. We have been a national multifamily plumbing contractor for nearly 30 years and have seen plenty of guys jump out there thinking it's a simple business to start. These 2 guys have just recently

EXHIBIT
1

(this year) teamed up thinking they can be successful and I'm sure they approached Tri-C with probably a screaming low $ (as other clients of ours have disclosed on other projects). They are chasing our clients since they know nobody else and have zero business track record, brand new company with zero financials. (most likely not bondable). I hope for Tri-C's sake that you hire anyone else (if not us) given this is an even more difficult project with HUD financing and an even more difficult project to man-up on with legal guys. D&D is desperate and throwing irresponsible prices around and don't know how to properly price this kind of work. I would say beware big-time if you are leaning towards them. I imagine through your financial vetting of new subs you would clearly see they have no financial positioning at all and you have likely already scratched them.

Again, we hope to be involved in this deal but also understand it might be headed in another direction. It would be irresponsible of me to not share some market info on this upstart company if indeed you are considering D&D. More importantly at this time for Horizon, we don't want to keep chasing this one if it's gone.

Any update is appreciated.

Thanks,

Tim O'Brien
Vice President
Horizon LLC
(843)247-9395
Tim@horizoninc.net

Sent from my iPhone

> On Apr 16, 2019, at 10:24 AM, Tim O'Brien <tim@horizoninc.net> wrote:
>
> Sounds good Peter. We will be on the lookout for updates when they are available.
>
> Thanks,
>
> Tim O'Brien
> Vice President
> Horizon LLC
> (843)247-9395
> Tim@horizoninc.net
>
> Sent from my iPhone
>
>> On Apr 16, 2019, at 8:16 AM, Peter Searle <psearle@tricc.com> wrote:
>>
>> Yes, owner is reviewing options for finishes; will be about 2 more weeks
>>
>> Peter Searle
>> Tri C Construction
>> Lodge at Black Forest
>> 719 491 2299
>> psearle@tricc.com
>>
>>
>> -----Original Message-----

>> From: Tim O'Brien <tim@horizoninc.net>
>> Sent: Tuesday, April 16, 2019 7:01 AM
>> To: Peter Searle <psearle@tricc.com>
>> Subject: Lodge 2 Plumbing
>>
>> Peter, good morning, I am in Colorado this week and available to meet with you if any new developments with the lodge. A few weeks ago Matt thought it would be a couple more weeks before he was drilling down on plumbing scope.
>>
>> Thanks,
>>
>> Tim O'Brien
>> Vice President
>> Horizon LLC
>> (843)247-9395
>> Tim@horizoninc.net
>>
>> Sent from my iPhone